Wright et al. *v*. Macey et al.

*N. R. Lindsay*, for the appellant.

------------

WRIGHT *et al. v.* MACEY *et al.*

REFEREES—PRACTICE.—Where a controversy pending in Court is referred, by order of the Court, to three referees, the parties may agree to receive a report from one or more of them.

APPEAL from the *Marion* Circuit Court.

HANNA, J.—This was a motion by *Macey* for leave to amend the report of referees.

It appears, by the record, that prior to the 14th of *Novem-*

*ber*, 1860, the parties had agreed to a reference of the matters in controversy in a suit, then pending in said Court, to three persons named. Two of them met, heard the evidence, and agreed upon the terms of a report. One of them had to go to *Cincinnati*, but it was agreed he should sign the report upon his return. These facts appear from affidavits and oral testimony heard on said motion. The report was filed, and judgment rendered thereon on the 14th of *November* aforesaid, with the signature of but one of said referees. In *May*, 1862, this motion was made and an order entered that the signature of the other referee should be affixed to said report then, and should operate as if made on said 14th of *November*, 1860.

It is argued that the powers of the referees ceased upon the return into Court of the report, and that therefore the action of the Court was erroneous.

The original order of the Court, directing the reference and report, is not in this record, and we can not therefore say whether the report was to be made at the first term after the reference or not; nor need we inquire in the right of the Court to permit the referee to affix his signature, for the reason that the only effect it could have, in favor of the party seeking to have it so affixed, was to render the report and judgment based thereon valid, in the event the Court had the right to make the order. We think it sufficiently appears that, without such signature, said report, &c., were valid. It is shown that it was filed by agreement of the attorneys of the parties with the one signature to it, and that judgment was entered therefor, so far as we are informed, without objection. Although three persons were by agreement of parties originally appointed in this case, yet, as only two of them appeared, it is shown that, by agreement of said parties, they took upon themselves the burden of the reference. When the report was made out, we suppose the parties could under the statute,

(sec. 351, 2 R. S., page 117,) agree to a report from a still smaller number than two.   That appears to have been done here.

*Per Curiam.*—The judgment is affirmed, with costs.

*B. K. Elliott, C. Hamlin* and *J. Cowgill,* for the appellants.

*Wm. P. Fishback,* for the appellees.